We will begin hearing argument in Sanchez v. City of New York. May it please the court, my name is- Hold on just a minute, please, Mr. Sanchez. Start you over again with fresh time. Thank you. Good morning. May it please the court, my name is Jay Sanchez. I'm the counsel for the plaintiff appellant, Mary Sanchez. No relation, Your Honor. My understanding is you've read my papers. Do you have any questions or concerns that I might be able to clarify, Your Honor? Yeah, I actually do. In your brief, you argued at length about the state-created danger doctrine. I did not see anywhere where that argument was presented to the district court. Could you point me to where in your papers before the district court you raised that argument? I did not raise that argument, Your Honor, before the district court. You know, we typically don't consider arguments raised for the first time on appeal. Although my understanding is that the argument was raised by opposing counsel in their papers, if I recall correctly. So, yeah, I guess that's- The district court didn't rule on it and you didn't make a claim based on state-created danger, is that right? That is correct, Your Honor. Okay, thank you. Is there any record evidence also, I mean, I guess we're on 12B-6. Are there any allegations from which we can plausibly infer that the defendants implicitly sanctioned Mr. Hubert's murder of Mr. Sanchez? That seemed to be the thrust of part of your argument, that there was some kind of sanction or maybe not conspiracy, but what-  It would be more in the line of, well, the argument that I point out in my papers is that, is where you have a situation where on multiple occasions, Mr. Hubert found that the criminal justice system would not or was not able to punish him. We had a situation where he served six years for the death of another person. He violated his parole. There was one since where he had beaten his girlfriend and he told the police that, or the girlfriend told him that she was looking for the key to his gun safe. My argument is that over and over, if you have that kind of situation, he starts to feel almost able to act with impunity. And then, my concern, the argument I raise is that given the present state of our right to defend ourselves. My argument is that as one's right to defend himself begins to lower, then the obligation of the state under the 14th Amendment increases. So that's the thrust of my argument, Your Honor. I believe, I just want to confirm that you withdrew the individual capacity claims against Feldman? Yes, yes. Okay. Yeah. So we're leaving only the official capacity claims? Correct, Your Honor. Thank you. And the district court dismissed your claims against the state defendants on 11th Amendment grounds. Do you object to that? No, no, I don't, Your Honor. Okay, thank you. Anything else you would like to tell us? No, Your Honor, that's it. Thank you, then we'll hear from Ms. Eng. Are you arguing first? Thank you. Good morning, Your Honors. May it please the court, Faye Eng for the city appellees. As plaintiff has now- Excuse me, Ms. Eng, could you lower the microphone? Sure, Your Honor. As plaintiff's counsel has just conceded, the argument that state created danger is raised for the first time on appeal. We argue that the court should not consider it, the plaintiff had numerous opportunities to assert that exception below. In fact, the city, in a pre-motion letter before the district court, explained the basis of our motion dismissed, which included the fact that none of the exceptions to the general rule, that there is no due process right to be protected against violence by a private citizen. And also, even if the court were to consider the swayed argument, it's meritless because of the fact that, as Judge Carney, you pointed out, are there any allegations in the complaint that you can draw inference? And there are none. There are no allegations. And the plaintiff was given numerous opportunities by the district court to amend the complaint, including the last opportunity, which plaintiff was given 21 days after the motion, after the city moved to dismiss, and after the plaintiff received the documents from the State Department of Parole. In this case, there is absolutely no basis for city liability. There's only one interaction between the city and the perpetrator in this case, and that was an arrest almost two years prior to the decedent's death. And we would suggest that that inference, in this case, would be against the city officer condoning any violence since, in fact, during that single interaction, the perpetrator was arrested and arraigned. If there are no questions, we'd rest on our brief. Thank you. Thank you. May it please the court. Mark Rube for the State Defendants. As the appellant has just conceded, the claims against the State Defendants are barred by the 11th Amendment because there are only claims against the state, its agency, and an employee acting in their official capacity. The claims are for damages, and there is one claim for injunctive relief under state law, which are all barred by the 11th Amendment. As for the merits of the claim, I join in the arguments of the city, and will rest on my papers unless the court has any questions about the applicability to the State Defendants. Thank you. Thank you, Mr. Rube. Mr. Sanchez, I'm not sure you need all of it, but you have reserved three minutes for rebuttal. Your Honor, I want to point out the reason that I did not amend my complaint was that, at the time, I didn't feel there was a reason that I could justifiably feel that I could amend the complaint, until I received that note explaining the situation regarding Mr. Ubert and his girlfriend in the background as to why he was arrested for her beating and that she had, that he was looking for the key to his gun safe. And that's when I decided that there's something here that I had to bring to the edge of the court. I also want to mention, bring up Foreman B Davis, where it says that it's too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. And with that, I finish, Your Honor. Thank you. Thank you, all three. We'll reserve decision in this case.